IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Foster Wheeler Environmental Corporation, | : | Case No. 1:07-CV-033 |
| | : | |
| Plaintiff, | : | District Judge Susan J. Dlott |
| | : | |
| v. | : | ORDER GRANTING MOTION TO DISMISS |
| | : | |
| Fluor Fernald, Inc., | : | |
| | : | |
| Defendants. | : | |

This matter comes before the Court on the Motion to Dismiss (doc. 4) filed by Defendant Fluor Fernald Inc. ("Fluor"). Defendant asserts that the Complaint filed by Plaintiff Foster Wheeler Environmental Corporation ("Foster Wheeler") is barred by a contractual limitations period. The Court agrees for the reasons that follow. Defendant's motion is **GRANTED**.

## II.  BACKGROUND

The underlying dispute in this case arises from a subcontract between Foster Wheeler and Fluor, Subcontract No. FSC 600 ("the Contract"). The Contract required Foster Wheeler to submit a written certified claim to Fluor before filing a lawsuit relating to or arising under the Contract. The Contract required Fluor to respond to any certified claim and provided that Fluor's decision would be "final unless [Foster Wheeler] file[d] suit within one year of such decision."

Foster Wheeler submitted a certified claim under the Contract to Fluor dated August 11, 2003. Fluor denied the claim in writing on November 10, 2003. The one-year limitations period for Foster Wheeler's claim then ran for 364 days from November 10, 2003 until November 9, 2004. On November 9, Fluor and Foster Wheeler entered into a written Tolling Agreement for

1

the express purpose of exploring ADR alternatives.  The Tolling Agreement tolled the remaining day of the contractual limitations period "from November 9, 2004 until December 17, 2004."

On December 17, 2004, the parties entered into a written ADR Agreement which called for the parties to pursue a non-binding ADR procedure before pursuing litigation.  The ADR Agreement expressly tolled the limitations period for an additional period of time "from December 17, 2004 until the termination of this ADR Agreement."  The ADR Agreement also specified that either party could terminate the ADR Agreement by providing "14 days written notice of such termination."

Fluor sent written notice of termination of the ADR Agreement on December 21, 2006 which, by the written notice's terms and pursuant to the ADR Agreement, was effective 14 days after Foster Wheeler's receipt of the notice of termination.  Foster Wheeler received the notice of termination on December 22, 2006.  Bradley Cole, counsel for Foster Wheeler, states in an affidavit that he contacted Mark Sucher, in-house counsel for Fluor Fernald on December 26, 2006 to inquire whether Fluor was interested in pursuing mediation.  Cole avers that Sucher indicated he would consider the matter but that he needed to discuss the matter with Brad Smith, another in-house counsel for Fluor.  Sucher requested that Cole e-mail him and Smith.  Cole sent Sucher and Smith an e-mail dated December 26 asking whether they "want[ed] to mediate this matter before we [Foster Wheeler] file this lawsuit."  Smith responded to Cole in an e-mail dated January 3, 2007 as follows: "We have worked at making the ADR agreement a useful option, however, it has not proven to be effective. We therefore respectfully decline to extend it any further."

The ADR Agreement terminated by its express terms on January 5, 2007, fourteen days

after Foster Wheeler received the notice of termination. Accordingly, as of January 5, 2007, there was one day remaining on the original one-year limitations period established by the Contract. The original limitations period established by the Contract expired on January 6, 2007.

Foster Wheeler initiated this lawsuit by filing its Complaint on January 17, 2007, eleven days after the expiration of the limitations period contained in the Contract, but within 14 days of Smith's (Fluor's attorney's) e-mail response to Cole (Foster Wheeler's attorney). The Complaint asserts claims for breach of the Contract between Foster Wheeler and Fluor. Fluor now has moved to dismiss the Complaint on the grounds that the claims therein are barred by the one-year limitations period contained in the Contract.

## II. LEGAL STANDARD TO BE APPLIED

Defendant Fluor Fernald ("Fluor") filed its motion pursuant to Federal Rule of Civil Procedure 12(b)(6). However, because the parties have provided not only the written contract upon which Foster Wheeler's claim was based, but also subsequent written agreements, affidavits, and e-mail correspondence, the Court will treat the motion as one filed under Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(b) ("If [on Rule 12(b)(6) motions] matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . .").[1] Summary judgment is appropriate if no genuine issues as to the material facts exist and the moving party is entitled to judgment as a matter of law. Fed.

---

[1] Both parties implicitly have recognized that the Court could convert Fluor's motion to a summary judgment motion by citing the applicable summary judgment standards. Additionally, Foster Wheeler responded to Fluor's motion by providing and relying upon materials outside the pleadings, including an affidavit with e-mail attachments. The Court, therefore, may treat the motion as one for summary judgment without providing formal notice to the parties. See Stringer v. National Football League, 474 F. Supp. 2d 894, 902 (S.D. Ohio 2007).

R. Civ. P. 56(c).[2]

### III. ANALYSIS

The first issue before the Court is a matter of contract law. Is the contractual limitations period enforceable? The Contract contains a choice of law provision which states that the Contract is to be "construed and interpreted according to the Federal Common Law of Government Contracts as enunciated and applied by Federal judicial bodies, Boards of Contract Appeals and quasi-judicial agencies of the Federal Government." Federal courts have upheld provisions in contracts between the United States and private parties which limit the period of time in which suit can be filed. De-Well Mach. Shop, Inc. v. U.S., 870 F.2d 637, 641 (C.A. Fed. 1989) (granting summary judgment to defendant because suit filed after expiration of limitations period); Appeals of: Walber Constr. Co., 82-1 BCA P 15526, HUDBCA No. 82-664-C7, HUDBCA 82-665-C8, HUDBCA 82-666-C9, 1982 WL 7964 (H.U.D.B.C.A.) (Jan. 5, 1982) (dismissing case where plaintiff contractor did not file an appeal within the time period incorporated into the contract). Contractual limitations periods also are upheld under Ohio law so long as the contractual limitations period is reasonable. Thomas v. Allstate Ins. Co., 974 F.2d 706, 709-10 (6th Cir. 1992). Ohio courts have upheld contractual limitations periods of one-year as reasonable. Id. at 710; Hounshell v. American States Ins. Co., 67 Ohio St.2d 427, 429-30, 424 N.E.2d 311 (1981).

This Court, likewise, finds that the one-year limitations period established by the Contract between Fluor and Foster Wheeler is reasonable and enforceable. Foster Wheeler does

---

[2] The resolution of this matter would be the same even if the standards governing Rule 12(b)(6) motions were applied.

4

not dispute the legal principles explained above nor the limitations period calculation. Accordingly, Foster Wheeler's Complaint is barred by the limitations period in the Contract unless Fluor waived the limitations provision or the provision is equitably estopped for another reason. See Thomas, 974 F.2d at 710 (stating that a defendant can waive or be estopped from enforcing a contractual limitations period by its conduct).

Foster Wheeler makes two arguments to avoid the harsh result of the application of the limitations period. First, it contends that its inquiries to Fluor about pursuing mediation after it received the notice of termination of the ADR Agreement tolled the termination of ADR Agreement (and therefore tolled the running of the last day of the one-year limitations period in the Contract). It relies on a line of government contract cases that hold that after a contracting officer ("CO") issues a "final decision" on the merits, if the CO takes actions that would cause a reasonable person to conclude that the CO was reconsidering the merits decision, the limitations period is tolled until the ultimate "final decision" is reached. See e.g. Town Center Mgmt. Corp. v. United States, 17 Cl. Ct. 531 (1989); Appeal of: DK&R Co., 02-1 BCA P 31769, ASBCA No. 53451, 2002 WL 256600 (A.S.B.C.A.) (Feb. 19, 2002); Appeal of Sach Sinha and Assocs., Inc., 95-1 BCA P 27499, ASBCA 46916, 1995 WL 74983 (A.S.B.C.A.) (Feb. 13, 1995).

Fluor disputes that its in-house counsel can be analogized to COs and disputes that the CO line of cases is applicable. The Court finds that the numerous CO cases cited by Foster Wheeler are distinguishable on their facts and do not aid Foster Wheeler even if the law is applicable. The COs in the cases cited by Foster Wheeler invited the contractors to submit further arguments or materials as to the merits of their decision, or issued subsequent opinions on the merits. Appeal of: DK&R Co., 2002 WL 256600 (CO invited "further discuss[ion]" of the

"final decision" in the written decision); Appeal of Sach Sinha and Assocs., Inc., 1995 WL 74983 (CO met with contractor, discussed merits, and asked for settlement alternatives in writing); In Matter of Appeal of Swanson Printing Co., G.P.O.B.C.A. 27-94, 1995 WL 818786 (G.P.O.B.C.A.) (Sept. 29, 1995) ("[W]here a contracting officer, either by words or actions, agrees to reconsider his or her final decision, the matter is kept open and the finality of the initial decision is necessarily destroyed."). Here, in contrast, Fluor did not initiate further discussions with Foster Wheeler after sending the notice to terminate the ADR Agreement. Foster Wheeler initiated the limited discussions. Also, the substance of the limited discussions is important. Foster Wheeler's inquiry to Fluor about pursuing mediation was not a request for Fluor to reconsider its initial merits decision to deny Foster Wheeler's certified claim. The inquiry was not even a request for Fluor to extend the ADR Agreement or reconsider the decision to terminate the ADR Agreement. The ADR Agreement called for the parties to pursue a dispute resolution procedure akin to arbitration, not mediation.

Finally, the course of dealings between the parties was that only written tolling agreements signed by both parties would serve to toll the limitations period in the Contract. The parties had agreed to the original contractual limitations period in a writing signed by both parties and had twice tolled the limitations period in writings signed by both parties. As such, Foster Wheeler could not reasonably have assumed its mediation inquiry further tolled the limitations period in the absence of a writing signed by both parties. Accordingly, the objective evidence leads only to one conclusion: the parties' limited communication after the notice of termination was received did not toll the termination of the ADR Agreement or the contractual limitations period.

Foster Wheeler's second argument is that its Complaint is saved by equitable tolling principles. Foster Wheeler cannot and does not argue that the classic circumstance for applying equitable tolling–where the defendant misled the plaintiff into missing the filing deadline–exists here. See Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003) (stating that equitable tolling applies only to circumstances "beyond that litigant's control," such as when the litigant has been "induced or tricked by his adversary's misconduct"); Doe v. Archdiocese of Cincinnati, 167 Ohio App. 3d 488, 855 N.E.2d 894, ¶ 8 (2006) (stating that under Ohio law plaintiff must prove a factual misrepresentation by defendant which would constitute an actual or constructive fraud). Fluor did not make any fraudulent statement that reasonably could have led Foster Wheeler to assume it would extend the limitations period beyond January 6, 2007.

Courts in the Sixth Circuit generally examine five factors to determine if equitable estoppel applies:

> 1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 561 (6th Cir. 2000). Equitable estoppel is to be applied "sparingly." Jurado, 337 F.3d at 642.

As to factors one and two, Fluor had actual knowledge of the contractual limitations period and of terms of the tolling provision in the ADR Agreement. As to factors three and five, Foster Wheeler's diligence and the reasonableness of its actions are interrelated issues. Foster Wheeler was diligent at least to the extent that it had acted to protect its litigation rights for approximately three years by entering into the Tolling Agreement and the ADR Agreement. However, the more relevant question here is whether it was reasonable for Foster Wheeler to

7

assume that its discussions with Fluor after receiving the written notice of termination of the ADR Agreement further delayed the termination of that Agreement and tolled the Contract's limitation provision.  The Court finds that it was not reasonable based on the parties' course of dealing discussed above.  Foster Wheeler had no reasonable basis to assume that the limitations period had been further postponed by its limited communications with Fluor's attorneys in the absence of a signed written agreement.  Finally, as to the prejudice factor, the lack of prejudice to Fluor by the untimely filing is not dispositive.  "Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." Jurado, 337 F.3d at 644.  Thus, considering all the relevant circumstances in toto, the doctrine of equitable estoppel does not apply here.

Therefore, the Court holds that claims in the Complaint are barred by the one-year limitations period stated in the Contract between Foster Wheeler and Fluor.

## IV. CONCLUSION

For the reasons stated above, Defendant Fluor Fernald's Inc's Motion to Dismiss, which has been analyzed as a motion for summary judgment, is **GRANTED**.

IT IS SO ORDERED.

       ___s/Susan J. Dlott_____
       Susan J. Dlott
       United States District Judge